UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICHOLAS DELUCA, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | COMPLAINT |
| | ) | |
| LEICA MICROSYSTEMS INC., | ) | |
| | ) | Plaintiff Demands a Jury Trial |
| Defendant. | ) | |
| | ) | |

Plaintiff Nicholas DeLuca ("Mr. DeLuca" or "Plaintiff"), by and through his attorneys Levine & Blit, PLLC, complaining of defendant Leica Microsystems Inc. ("Leica" or "Defendant"), hereby alleges:

## **NATURE OF THE ACTION**

1. This civil action is brought to remedy unlawful retaliatory termination in violation of Section 740 of the New York Labor Law ("NYLL"), unlawful retaliatory termination in violation of New Jersey's Conscientious Employee Protection Act ("CEPA"), discrimination based upon age in violation of the New York City Human Rights Law ("NYCHRL"), and discrimination based upon age in violation of the New Jersey Law Against Discrimination ("NJLAD").

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including back pay and front pay damages; compensatory damages for emotional distress, mental anguish, and humiliation; a civil penalty not to exceed $10,000.00 pursuant to NYLL § 740(5)(f); punitive damages; prejudgment interest; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

4. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Upon information and belief, Defendant is a citizen of the State of Illinois and/or the State of Delaware, which is Defendant's location of its principal place of business and state of organization, respectively.

6. Leica is registered with the Secretary of State for the State of New York to do business in New York.

7. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

9. Mr. DeLuca is an adult natural person who is over the age of forty (40) years-old.

10. Upon information and belief, Leica is a for-profit corporation organized in the State of Delaware with its principal place of business located at 10 Parkway North, Suite 300, Deerfield, Illinois 60015.

11. At all times relevant to this action, Leica engaged in business in the State of New York and New Jersey.

12. At all times relevant to this action, Leica engaged in business in the State of New York, County of New York.

13. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the applicable statutes identified herein.

14. At all times relevant to this action, Defendant was an "employer" of Plaintiff within the meaning of the applicable statutes identified herein.

15. At all times relevant to this action, Mr. DeLuca was qualified to perform his duties of employment with Defendant due to his education, knowledge, experience, qualification, and training.

## FACTUAL ALLEGATIONS

16. Mr. DeLuca has over twenty (20) years of experience in sales positions.

17. Mr. DeLuca began working for Leica as a Sales Specialist in 2018.

18. Mr. DeLuca's sales territory included New York and New Jersey, including Leica's clients in New York County.

19. Mr. DeLuca performed work for Defendant in the State of New York.

20. Mr. DeLuca performed work for Defendant in the State of New Jersey.

21. At all times relevant to this action, Mr. DeLuca performed work for Leica in New York and New Jersey.

22. Mr. DeLuca was highly successful in his position of employment with Defendant, including ranking as the #1 sales specialist in histology consumables in the Northeast region in 2021 and winning a sales competition in the month of July 2022, among other commendations from Leica.

23. On multiple occasions in early 2022, Mr. DeLuca's manager, Omar Francis ("Mr. Francis"), directed Mr. DeLuca to transfer hazardous carcinogenic materials across state lines, from New Jersey to New York County, for delivery to a client of Leica.

24. As an example, on or about February 22, 2022, Mr. Francis directed Mr. DeLuca to bring Xylene to New York Presbyterian Hospital in Manhattan in non-commercial vehicle provided to Mr. DeLuca by Defendant.

25. Xylene is a clearing agent that is highly flammable, acutely toxic if inhaled, and is suspected of causing cancer.

26. Believing this directive to be violative of federal and state laws, violative of company policy, and putting the health and safety of himself and the public at risk, Mr. DeLuca complained to human resources about Mr. Francis's directives in about February 2022.

27. As a further example, on a second occasion, on about April 6, 2022, during a meeting held in Manhattan, Mr. Francis directed Mr. DeLuca to leave the meeting, travel to New Jersey to obtain Micromount, and return with Micromount to bring to New York Presbyterian Hospital in Manhattan.

28. Micromount is used for mounting coverglass upon a medical specimen.

29. Micromount is highly flammable, causes serious eye irritation, is suspected of causing cancer and damaging fertility, and may be fatal if swallowed or enters the airways.

30. Mr. DeLuca was required to transport Micromount in a non-commercial vehicle provided to Mr. DeLuca by Defendant from New Jersey into New York County, New York.

31. Mr. DeLuca was provided Micromount for delivery in a glass container holding a pint of the substance, which was contained in a cardboard box that was too large without packaging material and was not factory sealed or otherwise secured.

32. Moreover, Mr. DeLuca was not provided with training on the handling or transportation of hazardous or carcinogenic materials, such as Micromount.

33. Believing this conduct to be violative of federal and state laws, violative of company policy, and putting the safety of himself and others at risk, Mr. DeLuca complained to human resources about Mr. Francis's conduct in about April 2022.

34. It is against Leica's company policy to transport hazardous materials in non-commercial vehicles.

35. It is against Leica's company policy to transport hazardous materials in a vehicle unless the hazardous material is considered a material of the trade and meets the regulatory limits on the type and quantity of hazardous materials to be transported according to the material of the trade exception found in 49 C.F.R. § 171.8.

36. Mr. DeLuca was not licensed to transport hazardous materials.

37. Hazardous materials, such as Xylene and Micromount should be transported by persons with HAZMAT training and protective equipment.

38. Mr. DeLuca was not licensed by Leica or any other authoritative agency to transport or handle HAZMAT materials.

39. The hazardous materials Mr. Francis instructed Mr. DeLuca to deliver to Leica's clients in New York County were not material of the trade as defined by 49 C.F.R. § 171.8.

40. Had Mr. DeLuca been involved in an automobile accident transporting Micromount from New Jersey into New York County, it is highly likely that he and others would have been severely injured or killed.

41. Leica took no remedial action subsequent to Mr. DeLuca's multiple complaints, as Mr. Francis was not admonished or disciplined, and he continued to direct employees of Leica to personally deliver hazardous materials to Leica's clients.

42. Instead of putting an end to such unlawful conduct, Mr. Francis and Leica took near immediate reprisal against Mr. DeLuca by placing Mr. DeLuca, a highly successful sales specialist for Leica, on a performance improvement plan that had no basis in fact in or about mid-April 2022.

43. On or about August 2, 2022, Mr. Francis acknowledged to Mr. DeLuca that he had satisfied the terms of his performance improvement plan.

44. Nonetheless, on or about August 5, 2022, Mr. Francis and Leica extended Mr. DeLuca's placement on a performance improvement plan without a legitimate basis.

45. Leica completed its retaliatory course of conduct by terminating Mr. DeLuca's employment in October 2022 without a legitimate reason.

46. Similarly situated Sales Specialists employed by Leica, but who had not engaged in protected activities like Mr. DeLuca, were not placed on a performance improvement plan, did not have their performance improvement plan extended unjustifiably, and were not terminated.

47. Mr. DeLuca is aware of several similarly situated employees of Leica who were directed to or required to transport hazardous materials in their personal vehicles for delivery to Leica's clients who did not engage in whistleblower activities.

48. Those similarly situated employees of Leica who did not engage in whistleblower activities were not placed on a performance improvement plan, did not have their performance improvement plan extended unjustifiably, and were not terminated.

49. Beginning in about 2021, Leica commenced a hiring program that targeted younger individuals who were newly graduated from college for Sales Specialist positions.

50. Leica hired Sales Specialists newly graduated from college with no experience or knowledge.

51. These newly graduated Sales Specialists were similarly situated to Mr. DeLuca.

52. Many of the newly graduated Sales Specialists performed poorly.

53. Mr. DeLuca's performed better than the newly graduated Sales Specialists similarly situated to him.

54. Nonetheless, Mr. DeLuca was placed on a performance improvement plan while newly graduated Sales Specialists similarly situated to him were not.

55. Further, Mr. DeLuca's performance improvement plan was unjustifiably extended while newly graduated Sales Specialists similarly situated to him were not.

56. Moreover, Mr. DeLuca's employment was terminated while newly graduated Sales Specialists similarly situated to him were not.

57. Mr. DeLuca was subjected to disparate treatment by Defendant because of his age.

58. Leica did not commence a hiring program that targeted potential employees over the age of forty (40).

59. Upon information and belief, Mr. DeLuca was replaced by a person under the age of forty (40).

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
**(Retaliatory Termination in Violation of NYLL § 740)**

60. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 59, as if fully set forth herein.

61. Defendant was the employer of Plaintiff as defined by NYLL § 740.

62. Plaintiff was an employee of Defendant as defined by NYLL § 740.

63. Plaintiff engaged in protected activities as described herein.

64. Plaintiff reasonably believed that the complained of practices of Leica were violative of a statute, rule, or regulation issued under the law or that posed a substantial and specific danger to the public health or safety.

65. Defendant was aware that Plaintiff engaged in those protected activities.

66. Defendant subjected Plaintiff to adverse employment actions, as described within, as a direct result of Plaintiff's engagement in protected activities.

67. A causal connection exists between Plaintiff's engagement in protected activities and the adverse employment actions that Plaintiff was subjected to, as evidenced by the temporal proximity between those events and the on-going animus exhibited by Leica and Mr. Francis.

68. Defendant's retaliatory termination of Plaintiff was with malice, willful, and/or in wanton disregard of NYLL § 740, and, as such, Defendant should be subjected to punitive damages to deter future violations by Defendant and other employers.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (Retaliatory Termination in Violation of CEPA)

69. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 68, as if fully set forth herein.

70. Defendant was the employer of Plaintiff as defined or interpreted by CEPA.

71. Plaintiff was an employee of Defendant as defined or interpreted by CEPA.

72. Plaintiff engaged in protected activities as described herein.

73. Plaintiff reasonably believed that the complained of practices of Leica were violative of a statute, rule, or regulation issued under the law or that posed a substantial and specific danger to the public health or safety.

74. Defendant was aware that Plaintiff engaged in those protected activities.

75. Defendant subjected Plaintiff to adverse employment actions, as described within, as a direct result of Plaintiff's engagement in protected activities.

76. A causal connection exists between Plaintiff's engagement in protected activities and the adverse employment actions that Plaintiff was subjected to, as evidenced by the temporal proximity between those events and the on-going animus exhibited by Leica and Mr. Francis.

77. Defendant's retaliatory termination of Plaintiff was with malice, willful, and/or in wanton disregard of CEPA, and, as such, Defendant should be subjected to punitive damages to deter future violations by Defendant and other employers.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (Discrimination based upon Age in Violation of the NYCHRL)

78. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 77, as if fully set forth herein.

79. Defendant was the employer of Plaintiff as defined or interpreted by the NYCHRL.

80. Plaintiff was an employee of Defendant as defined or interpreted by the NYCHRL.

81. Plaintiff is a member of the protected class as he is forty (40) years of age or older.

82. Defendant was aware that Plaintiff was a member of the protected class.

83. Pursuant to the acts and practices alleged herein, Plaintiff was subjected to adverse employment actions.

84. Pursuant to the acts and practices alleged herein, Defendant treated Plaintiff less well than younger similarly situated employees because of his age.

85. Defendant's unlawful conduct was with malice, willful, and/or in wanton disregard of the NYCHRL, and, as such, Defendant should be subjected to punitive damages to deter future violations by Defendant and other employers.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### (Discrimination based upon Age in Violation of the NJLAD)

86. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 85, as if fully set forth herein.

87. Defendant was the employer of Plaintiff as defined or interpreted by the NJLAD.

88. Plaintiff was an employee of Defendant as defined or interpreted by the NJLAD.

89. Plaintiff is a member of the protected class as he is forty (40) years of age or older.

90. Defendant was aware that Plaintiff was a member of the protected class.

91. Pursuant to the acts and practices alleged herein, Plaintiff was subjected to adverse employment actions.

92. Pursuant to the acts and practices alleged herein, Defendant treated Plaintiff differently than younger similarly situated employees in a way that disadvantaged Plaintiff because of his age.

93. Defendant's unlawful conduct was with malice, willful, and/or in wanton disregard of the NJLAD, and, as such, Defendant should be subjected to punitive damages to deter future violations by Defendant and other employers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant containing the following relief:

a) An order declaring Defendant violated NYLL § 740, CEPA, NYCHRL, and NJLAD in relation to Plaintiff's employment;

b) An order enjoining Defendant from continued violations of NYLL § 740, CEPA, NYCHRL, and NJLAD;

c) An order awarding monetary damages for Plaintiff's economic losses including back pay and front pay damages, and

d)      An order awarding compensatory damages to Plaintiff including monetary damages for severe emotional distress, mental anguish, and humiliation suffered by Plaintiff;

e)      An order awarding a civil penalty not to exceed $10,000.00 to Plaintiff;

f)      An order awarding punitive damages to Plaintiff;

g)      An award of prejudgment interest;

h)      An award of Plaintiff's reasonable attorney's fees;

i)      An award of the Plaintiff's costs and disbursements of this action; and

j)      Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: January 24, 2023
        New York, New York                              LEVINE & BLIT, PLLC


                                                        Justin S. Clark (JC7795)
                                                        *Attorneys for Plaintiff*
                                                        350 Fifth Avenue, Suite 4020
                                                        New York, NY 10118
                                                        Tel. (212) 967-3000
                                                        jclark@levineblit.com